IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR331 |
| | ) | |
| v. | ) | |
| | ) | |
| MAURICE BUCKLEY, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion of defendant Maurice Buckley ("Buckley") for "modification or reduction of sentence based upon an intervening of change of the crack cocaine law S. 1789 'Fair Sentence Act of 2010'" (Filing No. 122). Buckley also filed a "Motion under 3582(c)(2) To amend brief" (Filing No. 126). The Court finds that the motions should be denied.

On August 3, 2010, the Fair Sentencing Act of 2010 (the "FSA") effectively reduced the mandatory minimum sentences required for possession with intent to distribute certain amounts of crack cocaine. Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (2010). Buckley moves the Court to reduce his sentence, arguing that the FSA's reduction in mandatory minimums should be applied retroactively.

On September 20, 2010, in the month after the FSA was signed into law, the United States Court of Appeals for the Sixth Circuit addressed the issue of whether the FSA's adjustment of

mandatory minimums was retroactive.  *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010).  There, the Sixth Circuit first noted, "The 'general savings statute' requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application."  *Carradine*, 621 F.3d. at 580 (citing 1 U.S.C. § 109).  However, "The new law at issue here, the Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language."  *Id.*  Thus, the Sixth Circuit applied the pre-FSA mandatory minimum in place at the time when the defendant committed the crime.  *Id.*

In *United States v. Goncalves*, 642 F.3d 245, 253 (1st Cir. 2011), the First Circuit agreed with the Sixth Circuit on the issue of retroactivity and, by this time, was able to cite "ten other circuits [that] have considered this question and held that the FSA is not retroactive."  *Goncalves*, 642 F.3d at 253 (collecting cases).

The Eighth Circuit agrees, citing "a series of recent cases all holding that the Fair Sentencing Act of 2010 (FSA), which increased the threshold amounts necessary to trigger mandatory minimum sentences in crack cocaine cases, is not retroactive."  *United States v. Sidney*, 648 F.3d 904, 905 (8th Cir. 2011) (collecting 8th Circuit cases).  The Eighth Circuit noted, "As this Court held in *Brewer*, '. . . the Fair Sentencing

Act contains no express statement that it is retroactive, and thus the 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed.'" *Sidney*, 648 F.3d at 906 (quoting *United States v. Brewer*, 624 F.3d 900, 909 n. 7 (8th Cir. 2010); citing *United States v. Smith*, 632 F.3d 1043, 1047 (8th Cir. 2011)).

On August 11, 2006, a jury found Maurice Buckley, Jr., guilty of Count I of the superseding indictment dated January 20, 2006, namely, conspiracy to distribute fifty grams or more of crack cocaine (Filing No. 58).

The government had previously filed an information regarding the intent to rely on prior convictions under 21 U.S.C. § 851(a)(1), which included one conviction from 1993 and one conviction from 2002, both for possession with intent to distribute crack cocaine (Filing No. 20).

On November 15, 2006, this Court held a sentencing hearing regarding Buckley's 2006 conviction, where the Court made two findings relevant to sentencing. First, Buckley would be held responsible for 150 - 500 grams of crack cocaine (Filing No. 93, at 9). Second, of the two convictions mentioned in the Section 851 information, only the 1993 conviction would be considered, because the U.S. Attorney feared that the second 2002 conviction might not have been completed before the beginning of the crime underlying the 2006 conviction. Thus, Buckley would not be considered a career offender (Filing No. 93, at 13).

Applying 21 U.S.C. § 841 as it existed at the time of Buckley's crime to these findings, the mandatory minimum sentence was twenty years because Buckley was responsible for more than fifty grams and had "a prior conviction for a felony drug offense [that had] become final." 21 U.S.C. § 841(b)(1)(A)(iii). According to the holdings of the Eighth Circuit, this mandatory minimum still applies.

In his motion to amend (Filing No. 126), Buckley cites *United States v. Miller*, No. 4:89-CR-120(JMR), 2010 U.S. Dist. LEXIS 79763 (D. Minn. Aug. 5, 2010) to support his cause. However, *Miller* is inapposite, because unlike in that case, Buckley was not found to be a career offender. A separate order will be entered in accordance with this memorandum opinion.

DATED this 26th day of March, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court